Thank you your honor and may it please the court. I'd like to reserve two minutes for rebuttal. All right please be informed that the time shown on the clock is your total time remaining. Thank you your honor. All right. Mr. Morris appeals his criminal conviction raising constitutional claims under the fourth and sixth amendments to the United States Constitution which this court reviews de novo. Mr. Morris's first claim is a speedy trial violation. Mr. Morris under the Doggett v. United States four-factor balancing test, Mr. Morris respectfully contends the court should reverse the district court. The first factor, the length of the delay, has been conceded by the government that the 21 month delay in this case has exceeded the threshold one year to establish the presumption of prejudice. The second factor to consider is the reasons for the delay and here the government bears the burden to justify and explain that pretrial delay. The first period of delay and the bulk of it in this case was from the February 19th 2015 indictment until the March 18th 2016 arraignment of Mr. Morris in federal court. When was Mr. Morris during that time? Thank you your custody until the 6th of February when he posted bond. And then what happened? And then Mr. Morris absconded from the pretrial. He did not show up for his arraignment. So how should that be attributed to the government? Thank you your honor. Because Mr. Morris during that period of time until the April 10th date that he was remanded into custody had no knowledge of the federal indictment in this case. And if we don't agree with you counsel? What you're saying is he absconded from the state charges not from the federal charges? That's correct. If I don't find that persuasive what's your next best argument? Well your honor. About the next period of time for the prosecution? Sure. Okay is that the next chunk? Yes. Okay. It would be from when Mr. Morris was remanded into custody on April 15th. At that time there was a federal warrant for his arrest in connection with originally the complaint and later the indictment. That warrant actually predates the state's warrant and because the state had released Mr. Morris on this pretrial release I would submit that they had relinquished its primary jurisdiction over Mr. Morris. Okay so counsel for this middle since your time is ticking is the middle chunk 11 months or how do you how do you measure it? I would measure it your honor from April of 2015 until until March of 2016. Okay so we measured it the same way? That's correct. Okay so that's good. So on that question again trying to just look at your time here has our do we have a controlling authority about what we do with the period of time attributable to the state prosecution? Yes your honor because the government is required to justify its delay the court needs to look at the reasons it's asserted that it was going to defer to the state prosecution and in this case says that pardon me what case is that the the government's burden to to the reason that we have to look at the reasons for deferring to the state prosecution what case says that we look at that? Sure thank you your honor under just one moment in the fourth and sixth circuits I believe the how about the ninth circuit there is that that issue has not been decided yet in the ninth circuit so we do have a split in the circuits the fourth and sixth circuits have found that the parallel prosecution in state court is a sufficient reason in itself to justify the delay by the government. What should we do? In this case your honor we should you should require that the and follow the tenth and third circuits that find that that's not sufficient and that that's that the that the parallel prosecution itself is not sufficient because there the state had relinquished its primary jurisdiction over the case and because in the cases. By issuing a warrant towards arrest? Your Honor by permitting the defendant to be released on pretrial conditions and under the fourth and sixth circuits where they do state that there is sufficient that just the parallel prosecution is enough when we look specifically at those cases all of the state court proceedings that the federal government was permitted to defer to involves more serious charges than that which the defendant faced in the federal courts. Counsel if we disagree with you on that argument do you lose? Well your honor given the severity of the the penalties in connection with the federal court case him facing 15-year mandatory minimum to life versus the state court proceedings where he was facing 0 to 20, 2 to 10 years based out of the exact same transaction I think that the court should conclude. But if we disagree with you if we don't conclude the way you want us to do you lose? No your honor I believe that even if pardon me? I didn't say anything. I believe that even if the court finds that that that the court should still find that the government hasn't been able to justify any delay whatsoever and Mr. Morris was prejudiced by this. What was the prejudice? Thank he was lost the opportunity to submit a successful pretrial motion to suppress. Had he been arraigned in a timely fashion and assigned counsel he could have asked the federal court to suppress evidence resulting from the search warrant and that's based on. He brought that motion. No your honor a different motion. This is a motion based on the the the state agent executing a search warrant and at this period of time from the indictment until the arraignment there was no documentation of the search warrant to justify the search of Mr. Morris's vehicle and because under Montana state law we have a heightened right to privacy which disallows the automobile exception to the warrant requirement that we would find otherwise in federal law. There was no if had Mr. Morris been appointed counsel and submitted that suppression motion there was no existing search warrant that was in the government's possess because they had to complied with the they hadn't returned it they didn't they did not return officers still had it. Yes and your honor the defendant was under the impression that they and testified that the reason that the state had abandoned its possession with intent to distribute charges was because there was no search warrant filed and that and the search warrant documents that are in the excerpts of record themselves show that they were not returned to the state district court until March of 2016 so we have a legal... I mean hypothetically if he had known and brought the motion to suppress they probably would have found the warrant and returned it I mean it wasn't lost it was just hadn't been returned to some sort of oversight. I understand your honor. Well in the state court but the state court charges were dismissed because of the missing warrant right? That's that's correct. Do we have that do you have the ER site for that? Yes your honor. When I say the state charges the state possession charges. That's correct your honor. If we were to look at excerpts of record 209 that will show the state criminal docket and the middle of that page it will show criminal possession with intent to distribute and then there's a list of amended charges and in the amendments... I think you've answered my question and I'm I don't want to take you too far because your time is ticking. I thought you had another prejudice argument going to the video and that one I don't understand because I didn't see any place in the record where you showed us that the video was ever successfully captured just that it was missing and I don't know how to attribute that the missing video to the to the delay. Thank you your honor. The issue with the delayed distribution or disclosure of the video is twofold. First there's a Miranda waiver that was produced in this case where the officer testified that instead of having the defendant sign the Miranda waiver he instead wrote on video. The agent did that assuming that the audio had accurately recorded the conversations among the defendant and so without that recording we were our hands were tied in effectively cross-examining. Counsel aren't we left to speculate about what that would have shown or is there something from your client verifying that or maintaining that something was really lost? Your honor I think that this is one of those situations where we both have to speculate because there's some things that we can't prove without knowing what time would have told otherwise but also because we have that Miranda form itself there's actual evidence that there's a question as to the validity of the Miranda waiver in this case which we were not able to challenge on at that hearing. I'll Thank you. We'll hear from the government. May it please the court. My name is Tom Bartelsheim and I'm a AUSA in Helena, Montana and I'd like to begin with a question I believe was raised by Judge Christian regarding why it was reasonable for the prosecution to First is that the state prosecution was initiated first after Mr. Morris's arrest. Secondly the state had a great interest in prosecuting the case. This was the case of a wrong-way driver on Interstate 90 in the middle of winter in Montana and they had significant penalties. Just to be clear I think you're answering a question I didn't ask. I apologize. Not at all but I what I was asking for is do we have authority about what we should do with that period of the decision to let the state case go forward just whether we have controlling authority and I think opposing counsel clarified we do not. Okay we do not in the Ninth Circuit it's true. Right that's the controlling part of the word that's right. Judge Rawlinson pointed out we recognize there's a split. Yes Your Honor. Okay. However a number of different circuits have said that it's reasonable to allow a different sovereign to proceed with charges first. Counsel what about the argument that the prejudice argument that because this warrant had not been returned for a very extended period of time that the defendant otherwise could have brought the a motion to dismiss and in fact he did that successfully in the state court. He did Your Honor however the that still doesn't rise to the level of prejudice in the federal case and the district court below looked at that and found no prejudice to the defendant. So why should we agree? You should agree because after analyzing the four factors under Barker and Doggett the the facts haven't changed and the district court below. So the first factor there's this the opposing counsel's right that the delay is such that there's a presumption is triggered right? Yes. And so when we go through the other factors one of them is we're looking at prejudice resulting from this delay. Right. And his argument as I understand it is that the the I think it's 11 month period attributable to the state prosecution was prejudicial because he wasn't allowed wasn't able to bring a successful motion to dismiss in the federal action. Yes. And we know that was prejudicial because he was able to bring that's his argument he was able to bring it in the state court successfully so what is your response? The the if I understand your question your honor the he's still that was analyzed by the district court below who found there was no prejudice. Yes counsel but now they're on appeal and there she's asking us to revisit that and so my my question for you is why shouldn't we find it prejudicial? You shouldn't find it prejudicial your honor because the three reasons that they look for for prejudice weren't found and they aren't shown by by any prejudice in the three factors to the defendant. So there wasn't oppressive pretrial incarceration. There wasn't prejudice to the defense. The discovery that they did initially wait for was provided. They were able to be represented by counsel after the initiation of the federal charges and district court below and so those findings of the district court should be affirmed here. So again your honor a number of circuits have looked at the the four factors in cases where the delay was much greater than it was in this case. Among those the Fourth Circuit, the Sixth Circuit, and the Seventh Custodial Sovereign has possession of the defendant first as it was in this case. Right. Thank you. Is there any comparable case where there's a been a parallel state proceeding and the delay resulted as it as it did this we can see that there's a successful motion to suppress on the state side? I haven't seen those facts your honor. I haven't either. I think it's an interesting question. Thank You counsel. Yes so the the court here should find that the the rationale under these cases Richardson, Schreen, and Thomas should be followed here that it was a good reason or a valid reason for the delay to allow the state proceedings to go first. The state of Montana was the custodial sovereign and the findings of the district court should be should be affirmed. If there are no further questions on that issue I'd like to briefly speak about the second issue. All right. With regard to the search warrant question the district court below conducted an extensive hearing over two days with a number of made factual determinations regarding whether or not there were issues with the search warrant which were inaccurate and made those questions made those changes to the search warrant and despite the changes that she made still found that within the bounds of the search warrant document in the affidavit probable cause to search remain and so this court should affirm those findings as well. Specifically that due to the facts which were found at the scene that we had a number of indications that this was not someone who was just a user of drugs but this was someone who was actively involved in drug trafficking specifically there were reports of him being involved in trafficking from the Billings to California and back which were recent reports and there were a number of air fresheners as well as a past history of being arrested multiple times and convicted twice for drug offenses. Even with changes made to the search warrant document those should be found by this court to be sufficient for there to be probable cause to search and if there are no further questions from the court I'd like to yield the rest of my time. It appears not. Thank you counsel. Thank you your honor. Rebuttal. I'd like to make one clarification your honor there was no motion to suppress in the state court but there was a motion to amend the information and that amended information. I misspoke you're right I thought about that and then that was more trouble to correct myself but the state charges went away the possession charges because in but but that's kind of begging the question so well usually when we talk about prejudice for a delay and forgive me for that misstatement please typically when we talk about it prejudice resulting from a delay we're talking about lost evidence or witnesses died or witnesses we can't locate the witness or something like that but here it may well be that the state case was prolonged precisely because they couldn't find that warrant and I've never seen a case where that the cause of the delay then becomes the basis for the kind of motion you're you're making here in other words it's not the contention that the warrant was you've got a separate Frank's issue about the whether the warrant was infirm but in in a way what you're saying is it because if the warrant had been present you would be left just with the Frank's issue right you're but you're saying not that there would have been sort of a just reason just but it would have been a happenstance because they couldn't find the warrant right if they had gone forward then I would have been able to bring that's his argument I would have been able to bring a motion since you wouldn't have been able to find the warrant that's correct yes then I then he would have been able to benefit from it it seems like a windfall that's bootstrapping in a way that I just haven't seen in any other case your honor I would respectfully submit that it's a tactical advantage the government gained and by by sitting on this federal process how did they gain the advantage they had the warrant they just couldn't find it so what advantage did they gain in that would be comparable to a lost witness or something that where you really couldn't put folks back on a level playing field where the case could be tried on its merits well for example in the Montana Supreme Court case state folks versus couture there the the state conceded that the warrant documentation was totally lost perhaps that it could have been found after the the order from the district court but at the time that the issue was raised there was no documentation for it and because in Montana the search a prerequisite to a search of a vehicle requires there be a search warrant to justify it and there weren't no such documentation mr. Morris could have successfully suppress that and that is a legal but there was a warrant and they found the warrant when they needed the warrant and then you go on to your argument that the warrant was deficient so again you're assuming that had he raised this during that period while he was under state prosecution no one would have made an effort at that point to go find the warrant when when they needed to they did given that there was an ongoing state prosecution where that possession with intent to distribute charge was subsequently dismissed according to mr. Morris's testimony because there was no warrant I think that does demonstrate that the absence of warrant at that time afforded him a viable and successful defense to the charge but counsel here's what I'm getting and I think my concern is just a little bit different I think and maybe here's my concern this is the the prejudice you're arguing about it is is different in this way once they found the warrants then your client had the ability to attack it in other words it was the kind of error where people could be and were I think put back in the position they would have been if the error hadn't been made in the first place so your client in that sense had all of his rights restored all of his ability to challenge was sort of put back on a level playing field as opposed to the warrant having been truly lost forever and I don't know of any comparable case I don't either your honor but I would also note that not only did he suffer prejudice in that failure to be able to submit the motion to suppress but he lost opportunity to file a motion to dismiss under Montana law for the dual prosecutions arising out of the same transaction and because there was the corrupt audiophile and no way to determine whether had the case proceeded earlier there was an uncorrupt version of that he really lost the opportunity to challenge a lot of the issues that came up in the search warrant issue where officer Huertas is testifying that mr. Morris told him X Y & Z and since we've seen in a briefing how many obvious and misstatements with reckless disregard to the truth that officer made that video and audio recording I think is really critical in mr. Morris's case to being able to to cross-examine that officer and to demonstrate and prove that those omissions were truly material and just on that issue the canine I think the fact that the United States versus Perkins has recently cited with favor the United States versus Jacobs 8th Circuit case on the canine sniff also demands reversal on that issue all right thank you counsel thank you to both counsel the case just argued is submitted for a decision by the court
judges: Rawlinson, Christen, Bencivengo